ESTATE OF MICHAEL NEWMAN, DECEASED, SIDNEY NEWMAN, EXECUTOR, AND ALICE NEWMAN, EXECUTOR, AND ALICE NEWMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Newman v. Commissioner
Docket No. 4224-89
United States Tax Court
T.C. Memo 1990-230; 1990 Tax Ct. Memo LEXIS 264; 59 T.C.M. (CCH) 543; T.C.M. (RIA) 90230; May 10, 1990, Filed *264 Steven Kamerman, for the petitioners. Curt M. Rubin, for the respondent. WELLS, Judge. WELLS
*772 MEMORANDUM OPINION Respondent determined a deficiency in petitioners' Federal income tax for taxable year 1977 in the amount of $ 109,230. The issues for us to decide concern petitioners' proper distributive share of ordinary income and capital gain from the partnership known as Digitax of Michigan (hereinafter "Digitax"). For convenience we will combine our findings of fact and opinion. The facts are fully stipulated. The stipulation of facts and attached exhibits are incorporated herein by reference. At the time they filed their petition in the instant case, petitioners resided in New York, New York. During taxable year 1977, petitioner Alice Newman and her husband, Michael Newman, who died subsequently (petitioner Alice Newman and Michael Newman will hereinafter be referred to together as the "Newman"), were limited partners in Digitax. Through taxable year 1977, the Newmans had contributed capital to Digitax in the total amount of $ 100,000. As of January 1, 1977, and prior to the liquidation of Digitax, the Newmans' capital account *265 in Digitax was $ 159,610; their adjusted basis in their partnership interest in Digitax was $ 54,655; and their relative ownership interest in Digitax was 37.62 percent. The Newmans were solvent during the entire taxable year 1977. The parties stipulated that the stipulation of facts submitted in the trial of the consolidated Tax Court cases, Herbert Gershkowitz, et al. v. Commissioner of Internal Revenue, docket Nos. 4413-82, 23158-82, 23159-82, 23160-82, 23192-82, 23238-82, 23241-82, 23242-82, and 23245-82, is incorporated into the stipulation of facts in the instant case. That case (hereinafter "Gershkowitz"), also a fully stipulated case, was decided in a Court-reviewed opinion rendered on April 21, 1987 and reported at . The parties neither filed briefs nor requested to do so, and the Court did not order the filing of briefs as the facts and issues in the instant case are the same as those in Gershkowitz. On the basis of the facts found in Gershkowitz, we held that (1) the insolvency exception to the discharge of indebtedness doctrine applies at the partner level, not the partnership level, (2) the "freeing of assets" theory of *266 United, does not apply to limit the amount of gain recognized, (3) the conveyance of property to creditors in satisfaction of indebtedness is a sale or exchange on which gain or loss must be recognized, and (4) the 1977 amendments to the limited partnership agreements lack substantial economic effect. Except as to the facts pertaining to the partners' capital contributions, adjusted basis, capital accounts, and percentage interests in the partnership findings, which we made above with respect to the Newmans, we *773 incorporate herein the findings of fact we made in Gershkowitz. On the basis of our holding in Gershkowitz, and to reflect the foregoing, Decision will be entered under Rule 155.